# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK (SYRACUSE)

CHAD R. GOETZ,                                      CASE NO.:  5:11-cv-01147-GTS-ATB

        Plaintiff,

    vs.

TRANSUNION CONSUMER                  **TRANS UNION, LLC'S ANSWER**
SOLUTIONS, LLC; and EXPERIAN         **TO PLAINTIFF'S COMPLAINT**
INFORMATION SOLUTIONS, INC.;         **AND AFFIRMATIVE DEFENSES**

        Defendants.

Trans Union, LLC, improperly identified as Transunion Consumer Solutions, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

Plaintiff Chad R. Goetz sues Defendants Transunion Consumer Solutions, LLC (hereinafter "Transunion") and Experian Information Services, Inc. (hereinafter "Experian") for money damages arising from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* [sic] and, upon information and belief, alleges as follows:

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union further states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## I.   JURISDICTION AND VENUE

1.      This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as the claims arise under the FCRA.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391b.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## II.   PARTIES

3.      Plaintiff Chad R. Goetz is a natural individual residing in the city of North Syracuse, in the county of Onondaga, in the state of New York.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. 1681a(c).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Defendant Transunion is a subsidiary of Transunion Corp., a Delaware corporation and is not licensed to do business in New York to the best of the Plaintiff's knowledge and belief.  Defendant's corporate headquarters are [sic] at 555 W. Adams Street, Chicago, Illinois 60661, with a principal place of business at P.O. Box 2000, Chester, PA 19022-2000.

**ANSWER**:   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant Experian is an Ohio corporation that is licensed to do business in New York to the best of the Plaintiff's knowledge and belief.  Defendant's corporate headquarters are [sic] at 475 Anton Blvd., Costa Mesa, California 92626-7036, with a principal place of business at P.O. Box 9701 [sic] Allen, Texas 75013.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### III.    GENERAL ALLEGATIONS OF FACT AND LAW

6.      Plaintiff has four active student loan accounts with Sallie Mae, a nationally recognized student loan lender.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7.      The four Sallie Mae accounts in question as listed by Transunion are as follows:

XXXXXXXXXX1000****(High Balance: $3,000; Date Opened 04/2002),

XXXXXXXXXX1000****(High Balance $5,000; Date Opened 09/2002),

XXXXXXXXXX1000****(High Balance $6,000; Date Opened 11/2002), and

XXXXXXXXXX1000****(High Balance $8,000; Date Opened 01/2003).

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8.      The four Sallie Mae accounts as listed by Experian are as follows:

XXXXXXXXXXXXXXXX2002….(Credit    Limit/Original    Amount:    $3,000;    Date    Opened 04/2002),

XXXXXXXXXXXXXXXX2002….(Credit Limit/Original Amount: $5,000; Date Opened 09/2002),

XXXXXXXXXXXXXXXX2002….(Credit Limit/Original Amount: $6,000; Date Opened 01/2002), and XXXXXXXXXXXXXXXX2003….(Credit Limit/Original Amount: $8,000; Date Opened 01/2003).

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.     The four Sallie Mae accounts in question as listed by Equifax, Inc. are as follows:

XXXXXXXXXXXX0012XXXX (High Credit: $3,000; Date Opened 04/2002),

XXXXXXXXXXXX0022XXXX (High Credit: $5,000; Date Opened 09/2002),

XXXXXXXXXXXX0032XXXX (High Credit: $6,000; Date Opened 11/2002), and

XXXXXXXXXXXX0042XXXX (High Credit: $8,000; Date Opened 01/2003).

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.     Plaintiff previously filed for bankruptcy protection in October 2005, which was finalized in February 2006.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     Student loans are not allowed to be discharged in a bankruptcy proceeding pursuant to Title IX, Part G, Section 971 of the Higher Education Amendments of 1998, Public Law No. 105-244, 112 Stat 1581, 1837.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12.     On January 27, 2011, Plaintiff secured his Transunion credit report from www.annualcreditreport.com [see Exhibit 1].

**ANSWER**:    Trans Union states that the document identified as Exhibit 1 speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Plaintiff discovered that Defendant Transunion had been reporting a plethora of false information for each of the four Sallie Mae accounts in question since February 2006.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     In the "Remark" section on the Transunion report under each Sallie Mae account in question was printed "Chapter 7 Bankruptcy."

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     The "Balance" section on the Transunion report for each Sallie Mae account in question was left blank.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.    In the "Pay Status" section on the Transunion report for each Sallie Mae account in question was printed "Unrated."

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.    There was no section of payment history on the Transunion report for any of the Sallie Mae accounts in question.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.    In the "Date Updated" section on the Transunion report for all of the Sallie Mae accounts in question was printed "12/2010."

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.    All of the Sallie Mae accounts in question on the Transunion report were grouped in the section "Adverse Accounts."

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.     On January 27, 2011, Plaintiff secured his Experian credit report from www.annualcredit report.com [see Exhibit 2].

**ANSWER**:     Trans Union states that the document identified as Exhibit 2 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21.     Plaintiff discovered that Defendant Experian had been reporting a plethora of false information for each of the four Sallie Mae accounts in question since February 2006.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.     In the "Status" section on the Experian report for each Sallie Mae account in question was printed "Discharged through Chapter 7 Bankruptcy / Never late."

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.     The "Recent Balance" section on the Experian report for each Sallie Mae account in question was listed as "$0 as of 12/2010."

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.     In the "Account History" section on the Experian report for each Sallie Mae account in question was printed "Debt included in Chapter 7 bankruptcy on February 10, 2006" [sic]

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.    There was no section of payment history on the Experian report for each Sallie Mae account in question.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.    In the "Last Reported" section on the Experian report for each Sallie Mae account in question was printed "12/2010."

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.    Each of the four Sallie Mae accounts in question on the Experian report were grouped under the heading "Potentially Negative Items or items for further review."

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.    On January 27, 2011, Plaintiff secured his Equifax, Inc. credit report from www.annualcreditreport.com and witnessed that all four Sallie Mae account in question had been reported with complete accuracy since their inception [see Exhibit 3].

**ANSWER**     Trans Union states that the document identified as Exhibit 3 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29.     Equifax, Inc. is a "consumer reporting agency" as defined at 15 U.S.C. § 1681a(f) and is held to the same standards as Transunion and Experian in that it is mandated to employ reasonable procedures to ensure the maximum possible accuracy of all consumer credit reports.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30.     On June 9, 2011, Plaintiff sent a notice of dispute to Sallie Mae pertaining to each account in question as listed by Transunion [see Exhibit 4].

**ANSWER**:     Trans Union states that the document identified as Exhibit 4 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.     On June 9, 2011, Plaintiff sent a notice of dispute to Sallie Mae pertaining to each account in question as listed by Experian [see Exhibit 5].

**ANSWER**:     Trans Union states that the document identified as Exhibit 5 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

32.     On or around June 30, 2011, Plaintiff received a letter from Sallie Mae which stated in part that "the information we're reporting to the consumer reporting agencies is correct and that no corrections are warranted" [see Exhibit 6].

**ANSWER**:    Trans Union states that the document identified as Exhibit 6 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33.    On June 9, 2011, Plaintiff sent a notice of dispute to Transunion pertaining to each Sallie Mae account in question [see Exhibit 7].

**ANSWER**:    Trans Union states that the document identified as Exhibit 7 speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

34.    On or around July 5th, 2011, Plaintiff received an updated credit report from Transunion (dated 07/01/2011) reflecting the complete historical accuracy of each Sallie Mae account in question [see Exhibit 8].

**ANSWER**:    Trans Union states that the document identified as Exhibit 8 speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

35.    On June 9, 2011, Plaintiff sent a notice of dispute to Experian pertaining to each Sallie Mae account in question [see Exhibit 9].

**ANSWER**:    Trans Union states that the document identified as Exhibit 9 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36.     On or around July 11th, 2011, Plaintiff received an updated credit report from Experian (dated July 6, 2011), reflecting the complete historical accuracy of each Sallie Mae account in question [see Exhibit 10].

**ANSWER**:     Trans Union states that the document identified as Exhibit 10 speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

37.     On September 6, 2011, Plaintiff sent a Notice of Pending Lawsuit to Transunion [see Exhibit 11].

**ANSWER**:     Trans Union states that the document identified as Exhibit 11 speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

38.     On or around September 16, 2011, Plaintiff received a response from Transunion dated 09/13/2011 as if another dispute had been submitted regarding the four Sallie Mae accounts in question, when no such additional dispute had been submitted.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.     Included in the communication dated 09/13/11 from Transunion was an updated credit report listing each of the four Sallie Mae accounts and their new status as being included in the bankruptcy proceeding finalized in 2006, thus completely undoing the true legal history of each account that had been in place since the first and only dispute filed on the accounts, which had been completed on 07/01/2011 [see Exhibit 12].

**ANSWER**:     Trans Union states that the document identified as Exhibit 12 speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

40.     In the "Remark" section on the new Transunion report under each Sallie Mae account in question was printed "Chapter 7 Bankruptcy."

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41.     The "Balance" section on the new Transunion report for each Sallie Mae account in question was printed "$0."

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42.     In the "Pay Status" section on the new Transunion report for each Sallie Mae account in question was printed "Unrated."

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.     There was no section of payment history on the new Transunion report for any Sallie Mae account in question.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44.    In the "Date Verified" section on the new Transunion report for each Sallie Mae loan in question was printed "06/2011."

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## IV.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### WILLFULL [sic] FAILURE TO EMPLOY REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN VIOLATION OF 15 U.S.C. § 1681e(b) BY TRANSUNION

45.    The allegations set forth in paragraphs 1-44 are realleged and incorporated by reference as if fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

46.    Transunion is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Report to third parties.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

47.    Transunion uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER**:   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

48.     15 U.S.C. § 1681e(b) provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

49.     In preparing Plaintiff's Credit Reports, Transunion has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information pertaining to each of the Sallie Mae accounts in question on a month-by-month basis from February 2006 until July of 2011, and once again in September 2011 – a total of 65 months per account.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

50.     As a result of Transunion's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Transunion erroneously reported each of the Sallie Mae accounts in question as having been discharged in bankruptcy from February 2006 until July 2011, and once again in September 2011.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

51.     As a result of its knowledge and responsibilities under 15 U.S.C. § 1681 *et. seq.* TransUnion's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is willful within the meaning of 15 U.S.C. § 1681n(a).

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

52.   As a result of Transunion's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff has suffered damage to his credit rating, commercial reputation, and other actual damages.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

53.   As a result of Transunion's willfull [sic] noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n(a)(1).

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

54.   As a result of TransUnion's willfull [sic] noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff is entitled to punitive damages under 15 U.S.C. § 1681n(a)(2) in order to deter Transunion from engaging in similar practices hereafter.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

**SECOND CLAIM FOR RELEIF [sic]:**
**WILLFULL [sic] FAILURE TO EMPLOY REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN VIOLATION OF 15 U.S.C. § 1681e(b) BY EXPERIAN**

55.   The allegations set forth in paragraphs 1-54 are realleged and incorporated by reference as if fully set forth herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

56.   Experian is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

57.     Experian uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

58.     In preparing Credit Reports, Experian has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information pertaining to each of the Sallie Mae accounts in question on a month by month basis from February 2006 until July of 2011 – a total of 64 months per account.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.     As a result of Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Experian erroneously reported each of the Sallie Mae accounts in question as having been an account discharged in bankruptcy from February 2006 until the information was corrected in July 2011.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.     As a result of its knowledge and responsibilities under 15 U.S.C. § 1681 *et. seq.* [sic] Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is willful within the meaning of 15 U.S.C. § 1681n(a).

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61.     As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff has suffered damage to his credit rating, commercial reputation, and other actual damages.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

62.     As a result of Experian's willfull [sic] noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n(a)(1).

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

63.     As a result of Experian's willfull [sic] noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff is entitled to punitive damages under 15 U.S.C. § 1681n(a)(2) in order to deter Experian from engaging in similar practices hereafter.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### V.     <u>PRAYER FOR RELIEF</u>

WHEREFORE the Plaintiff prays for this Court to award him the following relief against Defendants Transunion and Experian:

a.      For the First Claim for Relief, the 5 year statute of limitations pursuant to 15 U.S.C. 1681p(2) has elapsed for the time period of February 2006 through August 2006.  The Plaintiff requests statutory damage relief from September 2006 through June 2011, and also for September 2011 – a total of 58 months per account.  As the violations had a far more dire impact on Plaintiff's credit score and commercial reputation prior to September 2010, Plaintiff requests statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n from September 2006 through August 2010 (47 months), and statutory damages of $500 per violation pursuant to 15 U.S.C. § 1681n from September 2010 through June 2011, and for September 2011 (11months [sic]).  As the violations occurred on a monthly basis, the total statutory relief requested is as follows:

1.      $52,000 per each Sallie Mae account calculated as follows: ($1,000 x 47 months = $47,000) plus ($500 x 11 months = $5,500) = $52,500.  With four accounts, this totals $210,000.

b.      For the Second Claim for Relief, the 5 year statute of limitations pursuant to 15 U.S.C. 1681p(2) has elapsed for the time period of February 2006 through August 2006.  The Plaintiff requests statutory damage relief from September 2006 through June 2011 – a total of 57 months per account.  As the violations had a far more dire impact on Plaintiff's credit score and commercial reputation prior to September 2010, Plaintiff requests statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n from September 2006 through August 2010 (47 months), and statutory damages of $500 per violation pursuant to 15 U.S.C. § 1681n from September 2010 through June 2011 (10 months).  As the violations occurred on a monthly basis, the total statutory relief requested is as follows:

1.      $52,000 per each Sallie Mae account calculated as follows: ($1,000 x 47

months = $47,000) plus ($500 x 10 months = $5,000) = $52,000.  With four

accounts, this totals $208,000.

    c.      Awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) to be determined

by the Court.

    d.      Awarding such other and further relief as the Court deems just and proper.

    **ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or

other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be

granted.

2.    Plaintiff's state law and common law claims are pre-empted by the Fair Credit

Reporting Act, 15 U.S.C. § 1681, et seq.

3.    Trans Union's reports concerning Plaintiff were true or substantially true.

4.    Trans Union has at all times followed reasonable procedures to assure maximum

possible accuracy of its credit reports concerning Plaintiff.

5.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations.

6.    Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or

1681t.

7.    At all relevant times, Trans Union acted within the absolute and qualified

privileges afforded it under the FCRA, the United States Constitution, applicable State

Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:   October 27, 2011                    Respectfully submitted,


                                            *s/Timothy P. Creech*
                                            Timothy P. Creech, Esq.  (302693)
                                            Kogan, Trichon & Wertheimer, P.C.
                                            1818 Market Street, 30th Floor
                                            Philadelphia, PA  19103
                                            Telephone:  (215) 575-7618
                                            Fax:  (215) 575-7688
                                            E-Mail:  tcreech@ktwlaw.com

                                            *Counsel for Trans Union, LLC, improperly*
                                            *identified as Transunion Consumer*
                                            *Solutions, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **27th day of October, 2011**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Chad R. Goetz<br>P.O Box 234<br>Liverpool, NY  13088 | |

/s/Timothy P. Creech
Timothy P. Creech, Esq.  (302693)
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103
Telephone:  (215) 575-7618
Fax:  (215) 575-7688
E-Mail:  tcreech@ktwlaw.com

*Counsel for Trans Union, LLC, improperly identified as Transunion Consumer Solutions, LLC*