## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Chad R. Goetz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:11-cv-01147-GTS-ATB |
| | ) | |
| TransUnion Consumer Solutions, LLC, | ) | Electronically Filed |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned

counsel, and in answer to Plaintiff Chad R. Goetz's Complaint, states as follows:

### I.  JURISDICTION AND VENUE

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff

purports to state claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§

1681 *et seq.*.  Experian denies violating the FCRA.  As to the allegations in paragraph 1 that are

not directed at Experian, Experian does not have knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies those allegations.

2.      In response to paragraph 2 of the Complaint, Experian states that this is a legal

conclusion which is not subject to denial or admission.

## II.  PARTIES

3.      In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.      In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

## III.  GENERAL ALLEGATIONS OF FACT AND LAW

6.      In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report and July 6, 2001 Experian Report identify the four Sallie Mae accounts described in paragraph 8 of the Complaint.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.      In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

12.      In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.      In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.      In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.      In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.      In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian admits that the Complaint attaches what purports to be an Experian Online Personal Credit Report dated January 27, 2011. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report lists the "Status" of Plaintiff's four Sallie Mae accounts as "Discharged through Bankruptcy Chapter 7/Never late."  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 22 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report lists the "Recent Balance" of Plaintiff's four Sallie Mae accounts as being "$0 as of 12/2010."   Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report describes the "Account History" of Plaintiff's four Sallie Mae accounts as "Debt included in Chapter 7 Bankruptcy on Feb 10, 2006."  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report does not include a "Payment History" section for Plaintiff's four Sallie Mae accounts.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report states that Plaintiff's four Sallie Mae accounts were "Last Reported" on "12/2010."  Except as specifically admitted, Experian is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Experian admits that Plaintiff's January 27, 2011 Experian Online Personal Credit Report includes Plaintiff's four Sallie Mae accounts in a section titled "Potentially Negative Items or Items for further review."  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

28.     In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian admits that the Complaint attaches what purports to be a letter from Plaintiff to Experian dated June 6, 2011.  Experian further admits that, on or about June 6, 2011, Plaintiff sent to Experian a letter titled "Notice of Dispute" that stated that Plaintiff was "disputing" four Sallie Mae accounts.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

36.     In response to paragraph 36 of the Complaint, Experian admits that the Complaint attaches what purports to be an Experian report dated July 6, 2011.  Experian further admits that on or about July 6, 2011, Experian sent to Plaintiff a credit report that accurately described Plaintiff's four Sallie Mae accounts.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

37.     In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43.     In response to paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

44.      In response to paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### IV.  CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF:**
**WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN VIOLATION OF 15 U.S.C. § 1681E(B) BY TRANSUNION**

45.      In response to paragraph 45 of the Complaint, Experian repeats and reincorporates its responses to paragraphs 1 through 44 of the Complaint.

46.      In response to paragraph 46 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

47.      In response to paragraph 47 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

48.      In response to paragraph 48 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian states that this is a legal conclusion which is not subject to denial or admission.

49.    In response to paragraph 49 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

50.    In response to paragraph 50 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

51.    In response to paragraph 51 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

52.    In response to paragraph 52 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

53.    In response to paragraph 53 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to

form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

54.      In response to paragraph 54 of the Complaint, Experian states that the allegations contained therein are directed to another party, not Experian, and thus no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies, generally and specifically, those allegations.

<div align="center">

**SECOND CLAIM FOR RELIEF:**
**WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ASSURE**
**MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN VIOLATION OF**
**15 U.S.C. § 1681E(B) BY EXPERIAN**

</div>

55.      In response to paragraph 55 of the Complaint, Experian repeats and reincorporates its responses to paragraphs 1 through 54 of the Complaint.

56.      In response to paragraph 56 of the Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 56 of the Complaint.

57.      In response to paragraph 57 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 57 of the Complaint.

58.      In response to paragraph 58 of the Complaint, Experian denies, generally and specifically, every allegation contained therein.

59.      In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, every allegation contained therein.

60.     In response to paragraph 60 of the Complaint, Experian denies, generally and specifically, every allegation contained therein.

61.     In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, every allegation contained therein.

62.     In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, every allegation contained therein.

63.     In response to paragraph 63 of the Complaint, Experian denies, generally and specifically, every allegation contained therein.

64.     Additionally, Experian denies each allegation not specifically admitted above, and denies that Plaintiff is entitled to any of the relief or damages that he seeks in this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims were not brought within the applicable statute of limitations, those claims are barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims cannot be sustained to the extent that they are barred by laches, waiver, unclean hands, or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any alleged injuries or damages sustained by Plaintiff were, at least in part, caused by Plaintiff's own negligence and such negligence exceeded any alleged negligence or wrongdoing by Experian.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's alleged injuries were caused by independent intervening causes that had no relation to Experian's conduct, those claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's alleged injuries are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility, those claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

Experian reserves the right to add additional defenses in the event that discovery reveals such defenses may be available.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed with prejudice in its entirety;

(2)     For costs of suit herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: February 21, 2012                    Respectfully submitted,


/s/ Nicholas W. Haddad
Nicholas W. Haddad (Bar Roll No. 517306)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Phone:  212-326-3679
Fax:  212-755-7306
E-mail:  nwhaddad@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 21, 2012, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail by operation of the Court's electronic filing system, and via overnight mail to *pro se* Plaintiff Chad R. Goetz.  In addition, parties may access this filing through the Court's CM/ECF System.


Dated:  February 21, 2012


<div style="margin-left:45%">

/s/ Nicholas W. Haddad
_____
Nicholas W. Haddad (Bar Roll No. 517306)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Phone:  212-326-3679
Fax:  212-755-7306
E-mail:  nwhaddad@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

</div>